Alan M. Levinsky (SBN: 006702)
**BUCHALTER NEMER**
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
Telephone: (480) 383-1800
Facsimile: (480) 824-9400
Email: alevinsky@buchalter.com

Attorneys for Movant

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | **Chapter 7** |
| CARY B. TOONE and SOPHIA D. TOONE, | **NO. 2:09-bk-17804 GBN** |
| Debtor(s), | |
| DESERT SCHOOLS FEDERAL CREDIT UNION, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Movant, | |
| -vs- | |
| CARY B. TOONE and SOPHIA D. TOONE, DAVID M. REAVES, Trustee | |
| Respondents. | |

Movant, the holder of a claim secured by an interest in certain real property and rents, issues and profits therefrom, hereby move and apply to the Court for an order modifying the stay provided by 11 U.S.C. §362 and other stays against lien enforcement with respect to the property, rents, issues and profits; and enjoining or conditioning the use, sale or lease of such property, rents, issues and profits as necessary to provide adequate protection of Movant's interest in the property.

D8881.0254 BN 4376428v1

1   The relief requested is more particularly set forth in the following Memorandum of Points
2   and Authorities, upon which this Motion and Application is based.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTS:**

1. Movant is the present owner and holder of two separate Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust, which are liens on the real property described in the Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust (hereinafter the "Property") together with any rents, issues and profits therefrom. True copies of the Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust are attached hereto as Exhibits "A" and "B", respectively, and made a part hereof by this reference.

2. Movant is a party with a possessory interest in the Property evidenced by the Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust.

3. The Debtors or the Trustee in Bankruptcy, if any, has, claims or may claim an interest in the Property which are junior and subsequent to Movant's interest.

4. This Application and Motion arises under Title 11, U.S.C. in the following described case which has been referred to and is pending in the United States Bankruptcy Court for the District of Arizona:

   DEBTORS: CARY B. TOONE and SOPHIA D. TOONE
   CASE NUMBER: 2:09-bk-17804 GBN
   CHAPTER: 7
   FILING DATE: July 29, 2009

5. The Debtors are in default for failure to pay installments under said Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust leaving

1 | balances due in the principal sums of $358,752.07 and $360,021.27, plus accrued and accruing
2 | interest and is past due for January, 2009 and December, 2008, in the sums of $7,601.29 plus late
3 | cahrges in the sum of $316.12 and $8,870.59 plus late charges in the sum of 385.97.

4 |     6.     Movant has incurred, or may incur, certain costs, including, without limitation,
5 | foreclosure title searches, attorneys fees, trustee's fees, taxes, insurance premiums, court costs,
6 | costs of sale, and other costs, all of which are secured by the Home Equity Variable Rate Line of
7 | Credit Agreements and Disclosure Statements and Deeds of Trust.

8 |     7.     Pursuant to the Home Equity Variable Rate Line of Credit Agreements and
9 | Disclosure Statements and Deeds of Trust, the entire unpaid principal, interest, late fees, and costs
10 | are due and payable and Movant does hereby declare the entire unpaid principal, interest, and
11 | charges due and payable.

12 |     8.     Movant is informed and believes and therefore alleges that the Debtors or the
13 | Trustee in Bankruptcy, if any, are using the Property.

14 |     9.     Movant does not have, and has not been offered, adequate protection for Movant's
15 | interest in the Property.

16 |     10.     Movant is informed and believes and therefore alleges that Debtors have no
17 | reasonable prospect or reorganization.

18 |     11.     Movant is informed and believes and therefore alleges that the fair market value of
19 | the Property after deduction of selling costs is less than the sum of Movant's secured claims plus
20 | other liens, encumbrances, and exemptions provided by law and that the Property, rents, issues
21 | and profits therefrom are burdensome and inconsequential value to the estate.

22 | LAW:
23 | (A)     AUTOMATIC STAY:
24 | Pursuant to 11 U.S.C. §362(d) Movant is entitled to relief form the automatic stay to
25 | enforce their lien or <u>either</u> of two grounds: (1) for cause including lack of adequate protection of
26 |

an interest in the Property, or (2) the Debtor has no equity and the Property is not necessary to an effective reorganization.  Implicit in the second of these is that, unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has no equity in the Property.  E.g., Frankford Trust Company v. Dublin Property, (In re Dublin Properties). 4 C.B.C. 2d 885, 889 (E.D. Pa., Bankr., l981).

On only one issue does a Movant requesting relief from the stay have the burden of proof and that is the issue of the Debtor's equity in the Property.  On all other issues any party opposing relief has the burden of proof.  11 U.S.C. §362(g).  Unless a party opposing relief produces evidence on these points, a Movant is entitled to relief without presenting any evidence whatsoever.  See, Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2d 359, 361, 10 BCD 219, 24 B.R. 578 (9th Cir BAP 1982).  Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity.  Id

(B)    PRELIMINARY HEARING:

As noted above, any party resisting from the automatic stay or seeking to use property of the estate must carry the burden of proof on the issue of adequate protection.  A party requesting relief from the stay receives it automatically 30 days after the date of its request unless the Court after a notice and hearing orders the stay extended.  11 U.S.C. §362(e)(1).  See Dublin Properties, 4 C.B.C. 2d at 889.

REQUEST FOR RELIEF:

For the reasons set forth above, Movant respectfully requests:

1.    That all stays, including without limitation, injunctions, restraining orders, and the automatic stays provided by 11 U.S.C. §362 and §524, be vacated with respect to the Property, or modified to permit Movant, or its agents, attorneys, employees and assigns and such other persons as the Court shall deem appropriate to take any and all actions to assert its rights to the

Property under the Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust, other security agreements, and non-bankruptcy law, including without limitation the rights: to declare all sums secured to be immediately due and payable; to exercise any assignment of rents; to bring a judicial foreclosure action in any Court of competent jurisdiction; to apply all funds in the possession of the Movant under the provisions of the Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust or other security agreement; and to sell the Property or any part thereof pursuant to the Home Equity Variable Rate Line of Credit Agreements and Disclosure Statements and Deeds of Trust or to any other valid security agreement.

2. That, pending a final hearing on the merits, an order by entered permitting Movant to record, mail, post and publish Notice of Trustee's Sale pursuant to A.R.S. §33-801 et, seq; but enjoining Movant to continue the Trustee's Sale from time to time as necessary until this Court grants further relief pursuant to 11 U.S.C. §362(d) or (e) or until the automatic stay expires by operation of law.

3. In the alternative, that Movant is entitled to adequate protection of its interest in the Property and more specifically in that alternative, that the Trustee in Bankruptcy, if any, and Respondent be ordered to make periodic cash payments to Movant equal to the fair rental value for the use and occupancy of the Property from the date of Bankruptcy and that the Trustee in Bankruptcy, if any and Respondent be directed to maintain adequate hazard insurance on the Property to protect the interest of Movant and further, that Movant shall have a claim with priority over every other claim allowable under 11 U.S.C. §507(a)(1) for any claim of Movant arising from the failure of the Trustee in Bankruptcy, if any, or the Respondent to adequately protect the interest of Movant in the Property.

CONCLUSION:

For the reasons set forth herein, Movant requests entry of an Order Modifying Stays against lien enforcement; and granting such other and further relief as is just.

Respectfully submitted this _4th_ day of September, 2009.

BUCHALTER NEMER

By: /s/ AML - #006702
Alan M. Levinsky
16435 North Scottsdale Road, Suite 440
Scottsdale, Arizona 85254-1754
Attorneys for Movant

COPY of the foregoing mailed
this _4th_ day of September, 2009, to:

Cary B. Toone
Sophia D. Toone
291 N. Cottonwood St.
Chandler, Arizona 85225
Debtors

Clint W. Smith
UDALL, SHUMWAY & LYONS PLC
30 W. 1st St.
Mesa, Arizona 85201
Attorney for Debtors

David M. Reaves
P.O. Box 44320
Phoenix, Arizona 85064
Trustee

*/s/ Cathy C. Bohnsack*